**UNITED STATES of America**

v.

**Clifford E. FAKE, Appellant.**

No. 12–4124.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Feb. 28, 2013.

Opinion filed: March 8, 2013.

Christian A. Fisanick, Esq., Office of
United States Attorney, Scranton, PA, for
United States of America.

Clifford E. Fake, Cresson, PA, pro se.

Before: FUENTES, FISHER and
GREENBERG, Circuit Judges.

OPINION

PER CURIAM.

Clifford Fake appeals the denial of his
application for a writ of error *coram nobis*
by the United States District Court for the
Middle District of Pennsylvania. He also
requests, in the alternative, that we consider his papers as an application to file a
second or successive 28 U.S.C. § 2255 motion. We will summarily affirm the judgment of the District Court and deny the
request for leave to file a second or successive 28 U.S.C. § 2255 motion.

I.

In April 2006, Fake pled guilty to
charges of health care fraud resulting in
serious bodily injury and criminal forfeiture. He was sentenced to 218 months of
imprisonment and ordered to pay restitution. We affirmed his conviction. *See
United States v. Fake,* 269 Fed.Appx. 208
(3d Cir.2008). He then filed a motion to
vacate under 28 U.S.C. § 2255, which was
denied. We declined to issue a certificate
of appealability. *See United States v.
Fake,* No. 09–2738 (order entered Sept. 22,
2009). Since then, Fake has filed several
applications for writ of error *coram nobis.*
The District Court has denied each one.
We now consider Fake's timely appeal of
the District Court's September 28 order.
See Fed. R.App. P. 4(a)(1)(B). We have
appellate jurisdiction under 28 U.S.C.
§ 1291.

II.

The District Court noted that Fake's
claims were more in line with § 2255 relief. We agree. The writ of error *coram
nobis, see* 28 U.S.C. § 1651(a), is appropriate when a petitioner is no longer in custody but suffers continuing consequences
from an unlawful conviction. *United
States v. Baptiste,* 223 F.3d 188, 189 (3d
Cir.2000). Fake is still in custody and
must, therefore, look to § 2255 as the presumptive means of any relief. *See id.*
Nor, of course, may Fake resort to the
writ of error *coram nobis* simply because
the stringent gatekeeping standards for
filing a second or successive § 2255 motion
are difficult to satisfy. *See id.* at 189–90.

In his papers, Fake asks that we consider his appeal as a request to file a second
or successive § 2255. We have the discretion to entertain this request. *See Libby
v. Magnusson,* 177 F.3d 43, 46 (1st Cir.
1999). In his *coram nobis* application,
Fake claimed that there was an unresolved
question about his liability under contract
law, specifically whether he ever received
or applied for the reimbursement of care
costs through a government program. Be-

cause the arguments he raised are not based on newly discovered evidence or a new applicable rule of constitutional law, we deny his request. *See* 28 U.S.C. § 2255(h)(1), (2).

### III.

For the reasons given, this appeal presents us with no substantial question. *See* 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will summarily affirm the judgment of the District Court. *Murray v. Bledsoe,* 650 F.3d 246, 248 (3d Cir.2011) (per curiam).